# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-21842-BECERRA/TORRES

SAMUEL SMITH, JR.,

    Plaintiff,

v.

MIAMI-DADE CORRECTIONS AND
REHABILITATION DEPARTMENT,

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This cause comes before the Court on Defendant, Miami-Dade Corrections and Rehabilitation Department's ("MDCR") Motion to Dismiss Plaintiff, Samuel Smith, Jr.'s First Amended Complaint. [D.E. 14]. Plaintiff has filed a response [D.E. 15], to which MDCR has replied. [D.E. 16]. The Motion, therefore, is ripe for disposition.[1] After careful review of the briefing and relevant authorities, and for the reasons set forth below, MDCR's Motion is **GRANTED**.

MDCR is the only defendant named in the operative complaint. [D.E. 9]. But Florida law is clear: MDCR, as a division of Miami-Dade County, cannot be sued. *See Cornwall v. Miami-Dade Cnty. Corr. & Rehab. Dep't*, No. 10-23561-CIV, 2011 WL 3878352, at *3 (S.D. Fla. Aug. 31, 2011) (quoting *Ingraham v. Miami–Dade Cnty. Corr. and Rehab. Dep't*, No. 09–23829, 2010 WL 3359445 at *3 (S.D. Fla. May 20,

---

[1] On November 7, 2024, the Honorable Jacqueline Becerra referred all pre-trial matters to the Undersigned Magistrate Judge for disposition. [D.E. 17].

2010)) ("The capacity to sue or be sued is determined by the law of the state where the court is located. Fed.R.Civ.P. 17(b)(3). 'Although municipalities have the power to sue and be sued under Florida law, … a division of Miami–Dade County, lacks the capacity to be sued.' Therefore, Mr. Cornwall's claims against MDCR are dismissed with prejudice."); *Ingraham*, 2010 WL 3359445, at *3 (citing *Fla. City Police Dep't v. Corcoran*, 661 So.2d 409, 410 (Fla. 3d DCA 1995)) ("Although municipalities have the power to sue and be sued under Florida law, the DOC, as a division of Miami–Dade County, lacks the capacity to be sued. Accordingly, Defendants' Motion to Dismiss is GRANTED as to Count I.").

Accordingly, MDCR's Motion is **GRANTED** as to MDCR. Plaintiff, however, must—within fourteen days—amend his complaint to name the correct party (e.g., Miami-Dade County), and properly docket a summons for that party.[2]

**DONE and ORDERED** in Chambers at Miami, Florida this 9th day of July, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[2] The relief entered here is indisputable. But Plaintiff nevertheless is advised that, pursuant to Federal Rule 72, he may appeal this Order to the District Judge within 14 days. If such appeal is filed, Plaintiff may seek de novo review of this Order, and it would then be treated as only a Report and Recommendation.